UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| RAFAEL TORRES, | ) |
| --- | --- |
| Petitioner, | ) |
| vs. | ) No. 1:16-cv-02736-LJM-DKL |
| SUPERINTENDENT,[1] | ) |
| Respondent. | ) |

**Entry Granting Petition for Writ of Habeas Corpus**

The petition of Rafael Torres for a writ of habeas corpus challenges a prison disciplinary proceeding identified as No. IYC 16-02-0090. For the reasons explained in this Entry, Torres's habeas petition must be **granted**.

**Discussion**

**A. Overview**

Prisoners in Indiana custody may not be deprived of good-time credits, *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004) (per curiam), or of credit-earning class, *Montgomery v. Anderson,* 262 F.3d 641, 644-45 (7th Cir. 2001), without due process. The due process requirement is satisfied with the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill,* 472 U.S. 445,

---

[1] The Superintendent of the Miami Correctional Facility is **substituted** as the proper respondent in this action because Torres is currently in custody at the Miami Correctional Facility.

454 (1985); *Wolff v. McDonnell,* 418 U.S. 539, 570-71 (1974); *Piggie v. Cotton,* 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson,* 224 F.3d 649, 652 (7th Cir. 2000).

### B. The Disciplinary Proceeding

On January 30, 2016, Investigator P. Prulhiere issued a Report of Conduct charging Torres with possession or use of a cell phone in violation of Code A-121. The Report of Conduct states:

> On January 30, 2016 at approximately 1:00 pm, I, Investigator P. Prulhiere, completed an investigation of Offender Rafael Torres 144059 for use or possession of a cell phone. Due to the evidence I have collected, I have found sufficient evidence to charge Offender Torres with use or possession of a cell phone.

The Report of Investigation, also written by Investigator Prulhiere, provides a detailed description of Prulhiere's investigation of Torres.

> On January 30, 2016, I, Investigator P. Prulhiere, completed an examination of evidence collected from a search conducted on January 5, 2016 in Housing Unit West L Unit. This information was screened through the Facility Intelligence System and a primary suspect phone number was found on another cell phone evidence case recovered on September 25, 2015, Evidence ID number S15-09-20. This information was not available, prior to investigation case number 16-IYC-0008, until an investigation of parties associated with Offender Torres and his JPAY and GTL contacts was conducted. GTL recorded phone calls for Offender Torres were extracted from the GTL database and reviewed. In reviewing the phone calls, it was found that Offender Torres had absolutely no phone calls conducted through GTL between January 21, 2015 and September 15, 2015 (This supports use of cell phone device.)[.] On January 6, 2016 at 8:29pm, Offender Torres made a call to 510-750-9115 which is claimed by Offender Torres to be Nicole Garcia. (This was confirmed by me on January 28, 2016 after having conducted a phone interview with Nicole [illegible]) Nicole Garcia is also registered in JPay using the phone number 209-451-6596 which was found as contact name "Anita" in cell phone evidence S15-09-20. The phone number 209-451-6596 was found in the mix of data comprised of completed calls, missed calls, attempted calls, texts, messages, contact list and images in the primary memory of cell phone S15-09-20. Most recently, 209-451-6596 was included in the same mixture of data collected from cell phone evidence S16-01-07 with a contact name of "CALI" and has not been found associated to any other offender. As a result of this accumulated information and on-going investigation issues associated with Offender Torres as reported in Investigation Division Case

Number 16-IYC-0008, I have found sufficient reason to charge Offender Torres with use or possession of a cell phone marked as evidence S15-09-20.

Torres was notified of the charge on February 3, 2016, when he was served with the Report of Conduct and the Notice of Disciplinary Hearing. The Screening Officer noted that Torres did not request any witnesses but requested "all evidence," specifically, "where was evidence S15-09-20 recovered from?" and "where was Torres housed on 9/25/15?" The Report of Investigation was also listed as physical evidence.

The Hearing Officer conducted a disciplinary hearing on February 17, 2016. The Report of Disciplinary Hearing reflects that Torres stated: "I plead guilty." The Hearing Officer found Torres guilty of use or possession of a cell phone in violation of Code A-121 after considering the staff reports, investigation report, and the statement of offender. The recommended and approved sanction imposed included loss of privileges, 180 days of lost credit time, and imposition of a demotion in credit class from class 1 to class 2. The Hearing Officer imposed the sanctions because of the frequency of the conduct and likelihood of the sanction having a corrective effect on the offender's future behavior.

Torres's appeals were denied and he filed the present petition for a writ of habeas corpus.

**C. Analysis**

Torres challenges the disciplinary action against him arguing that the hearing officer arbitrarily switched his plea and comment from case IYC-16-02-0012 with the statement in this case, IYC-16-02-0090. Torres argues that he did not plead guilty in this case, but instead stated "I am not guilty. The requested evidence was never addressed. They never showed proof/evidence that Nicole was on JPay and have had visits with her. This info is 5 months old." In the context of the requirements of due process as described in *Wolff*, this argument is understood to be an argument that because a guilty plea instead of his statement was entered,

Torres was denied the opportunity to present evidence in his defense. The respondent does not argue, let alone provide evidence, that Torres's contention that a guilty plea was incorrectly entered in the present disciplinary proceeding is incorrect. Instead, the respondent argues that even if this is true, the error was harmless because there was sufficient evidence to support the guilty verdict.

Harmless error analysis applies to habeas cases challenging disciplinary convictions. *See Piggie v. Cotton*, 344 F.3d 674, 678 (7th Cir. 2003). A due process error is harmless unless it had a substantial and injurious effect on the outcome of the proceeding. *O'Neal v. McAninch,* 513 U.S. 432 (1995). Here, the incorrect entering of a guilty plea was not harmless. First, the Report of Disciplinary Hearing reflects that the hearing officer considered the statement "I plead guilty" instead of the statement Torres contends he made challenging the evidence. The hearing officer thus effectively precluded Torres from presenting evidence in his defense. *Cf. Donelson v. Pfister*, 811 F.3d 911, 918 (7th Cir. 2016) (error in excluding evidence not harmless where the evidence would undermine the disciplinary decision); *Pannell v. McBride,* 306 F.3d 499, 503 (7th Cir. 2002) (remanding for evidentiary hearing when testimony "might have buttressed a potentially valid defense"); *Piggie,* 344 F.3d at 679 (remanding for evidentiary hearing when record did not "demonstrate with any degree of certainty that" requested evidence "lacked exculpatory value or was otherwise irrelevant"). In addition, the entering of a guilty plea undoubtedly creates a compelling presumption that the inmate is, in fact, guilty of the disciplinary charge. It would be difficult for a hearing officer, even considering the rest of the evidence, to find that this presumption has been rebutted. Entering the statement "I plead guilty" therefore had a substantial and injurious effect on the outcome of this proceeding.

In short, Torres had the right at his disciplinary hearing to present evidence in his defense. The Report of Disciplinary Hearing reflects instead that he stated "I plead guilty" and does not reflect that he was able to present evidence on his behalf. This error is not harmless and he is entitled to habeas relief.

### D. Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. Because Torres was denied the right to present evidence, that finding and the sanctions imposed must be **VACATED AND RESCINDED.** Accordingly, Torres's petition for a writ of habeas corpus is **GRANTED**. This disposition is not based on the alleged insufficiency of the evidence and does not bar a re-hearing of the charge.

**IT IS SO ORDERED.**

Date: 4/26/2017

LARRY J. McKINNEY, JUDGE
United States District Court
Southern District of Indiana

Distribution:

RAFAEL TORRES
144059
MIAMI - CF
MIAMI CORRECTIONAL FACILITY
Inmate Mail/Parcels
3038 West 850 South
BUNKER HILL, IN 46914

Abigail T. Rom
OFFICE OF THE ATTORNEY GENERAL
abby.rom@atg.in.gov